**HERWECK'S PAINT & WALLPAPER CO. et al. v. C. I. T. CORPORATION.**

No. 9974.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1941.

Leonard Brown and W. C. Williams, both of San Antonio, Tex., for appellants.

Woodville J. Rogers, of San Antonio, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was against appellants and one other to recover against them as partners, (a) the amount of three notes of which the partnership was maker, and (b) for damages for fraud and deceit in connection with the endorsement by the partnership without recourse of several other notes in which it was the payee. The claim as to the three notes was that they had been matured and suit brought on them for failure to pay installments due on them. The claim as to the other notes was that defendants through one Patterson acting as their agent, had negotiated the notes by fraudulent representations as to the solvency and credit rating of the makers.

The defense against the three notes was that though the notes had been matured for default in installments, these installments had been paid, the default had been waived, and the notes had been reinstated as not past due. The defense against the claimed damages for fraud was not, that false and fraudulent representations had not been made by Patterson, but that in making them, Patterson was not the agent of defendants, but was acting for himself as contractor, and that wholly ignorant of any fraud or wrongdoing, and as an accommodation to him, they had innocently allowed the notes to be made payable to them and had innocently received and disbursed their proceeds. In addition to these defenses common to all of the defendants, Louise Herweck set up her coverture, as the wife of H. Herweck, and the defendant, Louise Frances Herweck, set up hers at the time of the filing of the suit and the non-joinder of her husband. The case was tried to the court without a jury and upon the evidence including proof that Mrs.

Louise Herweck's disabilities of coverture had been removed, there was a dismissal as to Louise Frances Herweck, and a judgment against the other defendants as makers of the three notes and for damages for fraud on account of several, but not all of the notes they, as payees, had endorsed without recourse.

■ Appellants are here insisting that the judgment was wrong throughout and should be reversed. Appellee points to the findings of fact of the trial court;[1] that appellants were partners; that the three notes of which they were the makers, were past due and unpaid; and that the other notes of which they were the payees, were fraudulently negotiated by Patterson, the agent of defendants, to deliver them and receive the proceeds. It insists that the findings are sustained by the evidence and that the judgment was right and must be affirmed. We agree with the appellee. As to the three "maker" notes, the record does show that after suit filed, plaintiff accepted payment of past due installments. Nothing in the record however, contradicts, all of it supports, the finding of the district judge that the default was not waived, the notes were not reinstated and that plaintiff is entitled to judgment for the amount due and unpaid on them. As to the notes in which defendants were payees, while it is perfectly clear as found by the district judge, that defendants were neither parties to, nor cognizant of Patterson's fraud, it is equally clear as found by him, that Patterson was their agent and that he did the fraudulent things he did, and made the fraudulent statements that he made, within the scope of the authority they conferred on him to obtain the money on the notes for them.

■■ The fact that they endorsed the notes without recourse is of no significance as a defense to the suit brought. The suit is not upon the notes but upon the fraud in procuring their negotiation. The evidence shows without dispute that the defendants furnished the paint and advanced the pay rolls, for each of the jobs evidenced by each of the notes involved in the fraud claims, and that except such amount, if any, as was due Patterson as contractor (and the evidence does not disclose what, if any, amount there was), all of the proceeds of the notes were paid to and appropriated by defendants. The evidence further shows that but for the fraudulent representations of Patterson, the notes would not have been accepted and the money paid. In these circumstances where one of two innocent persons must suffer, the law, upon the plainest principles and without wavering, puts the burden not upon the innocent third party, with whom the agent dealt for his principal, but upon the principal who has clothed him with authority to deal, and who has obtained and kept the fruits of his dealing. Re-Statement Agency, Sec-

---

[1] These may be briefly summarized: (1) Defendants were partners. (2) The Three notes on which they were sued as makers, had been matured before suit was filed, the maturity had not been waived, and the notes had not been reinstated. (3) With regard to four of the notes for which damages for fraud were claimed, plaintiff's proof had failed. (4) With regard to the others, false and fraudulent representations of material fact in respect to each, were made to the plaintiff by Patterson with the intent and design to induce the plaintiff to purchase the notes and that plaintiff relied upon these representations as being true and but for them would not have purchased the notes. (b) Patterson who made these representations procured the notes from the makers payable to the defendants on F. H. A. Forms, with the knowledge, consent and approval of defendants. (6) These notes were endorsed without recourse by the defendants and placed in the hands of Patterson that he might deliver them to the plaintiff and receive the payment therefor, and Patterson delivered the money received for the notes to the defendants who deposited them in their bank account. (7) Patterson at the time he delivered the notes to the plaintiff knew that credit statements would be required, and that the notes would not be purchased without credit statements and he made misrepresentations of fact to plaintiff and altered and changed credit statements in material representations and completely forged some statements. (8) Though the defendants did not know that Patterson intended to or would or did make such representations at the time they were made, he was the agent of the defendants for the purpose of effecting a disposition of the notes to the plaintiff and for the purpose of receiving the proceeds from the sale of the notes from the plaintiff and delivering the same to defendants. (10) Defendant, Louise Herweck, is a married woman but her disabilities of coverture have been removed and for the purpose of the law suit she is a feme sole.

tions 257–8; 261–2; F. S. Royster Guano Co. v. Hall, 4 Cir., 68 F.2d 533; 2 Am.Jur., Page 282–3 Section 362–3.

The judgment was right. It is affirmed.